UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DARLENE KAUFFMAN-SCOTT, | ) | No. ED CV 10-01247-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.   Whether the Administrative Law Judge ("ALJ") properly

1      evaluated the opinion of Dr. Adeyemo;

2          2.   Whether the ALJ properly evaluated the opinion of Dr.

3               Girgis.

4    (JS at 3.)

5

6        This Memorandum Opinion will constitute the Court's findings of

7    fact and conclusions of law.  After reviewing the matter, the Court

8    concludes that the decision of the Commissioner must be affirmed.

9

10                                 I

11            **THE ALJ PROPERLY EVALUATED THE OPINION**

12            **OF CONSULTING PSYCHIATRIST DR. ADEYEMO**

13       Plaintiff received a consultative psychiatric evaluation ("CE")

14   through the Department of Social Services. (AR 268-270.)  Dr. Adeyemo

15   interviewed Plaintiff concerning her past psychiatric history and past

16   medical history, performed a mental status examination, did a DSM IV

17   diagnosis, and provided a Medical Source Statement.  Plaintiff's

18   complaint is that the ALJ failed to adequately account for Dr.

19   Adeyemo's statement in the Medical Source Statement that Plaintiff

20   "may have difficulty with safety and attendance related issues at work

21   because of Depressive and Anxiety symptoms." (JS at 3, AR at 270.)

22   Plaintiff contends that if she is unable to maintain consistent

23   attendance in a full-time job, that would impact her ability to work.

24   Plaintiff thus argues that the ALJ failed in his burden of providing

25   specific and legitimate reasons based on substantial evidence in the

26   record to reject what she contends is this portion of Dr. Adeyemo's

27   diagnostic opinion.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th

28   Cir. 1995).

Before turning to this specific issue, the Court will note that the ALJ's decision (AR 16-26) provided a detailed and specific assessment of Plaintiff's mental state, and how it would affect her ability to perform job tasks. (See AR at 19, 23.)  Since Plaintiff does not contend that the ALJ failed to perform the requisite analysis with regard to mental functioning, the Court need not summarize how this was accomplished in his decision.

The first problem with Plaintiff's argument, which she anticipates in her brief, is that this portion of Dr. Adeyemo's Medical Source Statement is not a firm diagnostic opinion, but a statement of possible difficulties ("Claimant may have difficulty ...").  Plaintiff argues that the ALJ should have treated this qualifier as a diagnostic opinion deserving acceptance or rejection for specific and legitimate reasons.  But here, the Court agrees with the Commissioner that there really was no opinion to reject.  In his Medical Source Statement, Dr. Adeyemo displayed a full capability for distinguishing what can be construed as firm opinions from what might be possibilities.  For example, when analyzing the relevant areas of mental functioning, Dr. Adeyemo used clear diagnostic expressions (e.g., "Claimant has mild restrictions ...  She has mild impairment ...  She is able to ..." (AR 70)).

An ALJ must, of course, evaluate evidence in the record, but is not under an obligation to discuss every bit of evidence; rather, the ALJ's obligation is to explain why significant probative evidence has been rejected.  See Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984).  Thus, Plaintiff's argument fails right out of the gate because Dr. Adeyemo's qualifier, when contrasted to the firm diagnostic statements he makes in other parts of his opinion, render the former

not relevant for consideration by the ALJ.  But in any event, reading the ALJ's opinion as a whole, it is clear that he carefully evaluated evidence regarding Plaintiff's depression and anxiety in determining her ability to work.  For example, the ALJ made credibility evaluations which cannot be separated from the question of whether Plaintiff's asserted depression or anxiety would be a limiting factor in her ability to work.  Further, the ALJ discussed treatment records concerning her mental health during a time that she was seen by Dr. Patel beginning on April 23, 2008.  Plaintiff does not contest the ALJ's evaluation of Dr. Patel's treatment records, and the ALJ's conclusion that "Dr. Patel appears to rely completely on the Claimant's subjective complaints and history in making his determination." (AR 23.)

With regard to the specific issues of Plaintiff's depression and anxiety, which Plaintiff raises in this issue, the ALJ made the following specific observations in his Decision, none of which are challenged by Plaintiff:

"The claimant's non-psychiatric treatment records also note that the claimant had periods where she felt depressed or anxious. On June 25, 2007, the claimant reported anxiety related to her mother's sickness, her sister's drug use, troubles with a roommate, and problems with her business (Exhibit 2F, p. 17). Anxiety or stress seems appropriate given the listed difficulties. In October 2007, the claimant was noted as 'still feeling down at times' after the death of her mom (Exhibit 20F, p. 58). Again, the claimant's sadness appears to be an appropriate response to her mother's death.

The undersigned also notes that, despite her depression, the claimant was repeatedly observed as being 'pleasant' and in 'no apparent distress' by her treatment providers (Exhibits 7F, pp. 1, 3, 5; 12F, pp. 1, 3; and 21F, pp. 3, 10, 14, 17, 19, 23, 26, 29 31, and 33).  This evidence demonstrates the claimant's ability to function on a social level despite her impairments."

(AR 23.)

All in all, Plaintiff's argument thus fails because first, the statement in question made by Dr. Adeyemo is not a medical diagnosis, and second, even if it were, the ALJ thoroughly addressed questions of Plaintiff's depression and anxiety in his decision.

## II

### THE ALJ PROPERLY EVALUATED THE OPINION OF DR. GIRGIS

### CONCERNING STANDING/WALKING LIMITATIONS

In Plaintiff's second issue, she addresses a portion of the opinion of Dr. Girgis, who performed a consultative internal medicine examination in this case.  As Plaintiff correctly notes, in his report (AR 271-275), Dr. Girgis provided a Medical Source Statement which assessed Plaintiff's exertional abilities. (See AR 275.)  Dr. Girgis opined that Plaintiff could sit for up to six hours per workday but that she could stand/walk for no more than four hours per workday.  In the ALJ's determination, Plaintiff's exertional abilities would permit her to sit for only up to two hours per workday. (AR 20.)  The ALJ also determined that Plaintiff can stand and/or walk for up to six hours in an eight-hour workday.  But Plaintiff's argument is that if

Dr. Girgis' opinion regarding Plaintiff's stand/walk capabilities (e.g., four hours per workday) is accepted, Plaintiff would only be able to work for six hours per workday, which would make her unable to perform full-time work consisting of eight hours of work per day for five days per week.  Thus, Plaintiff's argument echoes the argument she made in her first issue, that the ALJ failed to provide specific and legitimate reasons to reject this portion of Dr. Girgis' opinion.

Plaintiff's contention that the ALJ failed to provide specific and legitimate reasons to reject this portion of the opinion, however, is simply not supported by the language of the decision itself. Indeed, the ALJ specifically addressed this part of Dr. Girgis' conclusion, stating,

> "This is hard to make sense of given the physical examination findings and the evidence of degenerative disc disease and fibromyalgia discussed above." Dr. Girgis noted no problems standing or walking; so, his limitation is not supported by his own findings."

(AR 23-24.)

Plaintiff concedes that the ALJ gave "some explanation as to why he disregarded Dr. Girgis' opinion that [Plaintiff] is limited to four hours of standing/walking per workday." (JS at 14.)  Plaintiff disputes the ALJ's evaluation of the evidence. (Id.)  But indeed, the ALJ gave a fair reading to Dr. Girgis' opinion, noting his findings that she was "in no acute distress" and that she "walks and moves easily." (AR 72.)  She had normal range of motion throughout her body (AR 273-74); and she demonstrated a "good active motion" without "atrophy or fasciculation." (AR 274.)  She had full strength without

focal motor deficits (AR 274); she was able to change position without difficulty and had normal gait without the need of any assistive device. (AR 274.)

Whether or not Plaintiff agrees with the ALJ's evaluation of the medical evidence, the Court cannot second guess that evaluation where legitimate reasons are provided in the decision, as they are here. Indeed, the ALJ showed no bias against Dr. Girgis, as Plaintiff concedes, because he rejected that portion of Dr. Girgis' opinion in which he assessed that Plaintiff has greater exertional ability than found by the ALJ. (AR 275.)  While Dr. Girgis found that Plaintiff could lift and carry up to 50 pounds occasionally, the ALJ credited evidence of multilevel degenerative disc disease in finding that Plaintiff is not capable of lifting more than 20 pounds occasionally. (AR 24.)

For the foregoing reasons, the Court finds no merit in Plaintiff's second issue.

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: <u>January 20, 2012</u>          <u>          /s/          </u>
                                        VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE

7